# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

  v.                                                                          **Case No. 88-CR-130**

**RAYMOND B. BELTON,**

                **Movant.**

## DECISION AND ORDER

On March 15, 1989, United States District Judge Robert W. Warren sentenced Raymond Bruce Belton ("Belton") to 30 years of imprisonment for conspiracy to possess more than five kilograms of cocaine with intent to distribute. During the subsequent 18 years, Belton has appealed the conviction, filed a collateral attack on the judgment and appealed from that denial, unsuccessfully sought reduction of his sentence, and made multiple attempts to obtain the return of property seized from him by the United States Drug Enforcement Administration ("DEA").

Presently before the Court is Belton's "motion for leave to incorporate alternative claims for other equitable relief resulting from the Government unilaterally disposing of the Plaintiff's property and request for an evidentiary hearing." (Docket No. 133).[1] Citing Federal Rule of Criminal Procedure 41(g) and Federal Rule of Civil Procedure 18(a), Belton seeks an order directing the government to remit $4,180.00 to him, which is the proceeds of the

---

[1] Belton also filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 135). That motion is addressed in a separate Decision and Order.

government's auction of his forfeited property (jewelry), and awarding damages in the amount of $32,970.00, which he states would be the monetary equivalent of that forfeited property.

In the course of considering the merits of Belton's motion for return of property and for an evidentiary hearing, the preliminary question of the proper characterization of Belton's motion has emerged. *United States v. Howell*, 354 F.3d 693, 695-96 (7th Cir. 2004), addressed the proper procedure for handling a motion for return of property which had been as filed by a prisoner convicted of a federal drug offense. Prisoner Howell filed a motion, under the same case number as his criminal case and in the same court which had convicted him, seeking the return of an automobile which had been seized by the DEA. *Id.* The appeals court held that the district court had erred in construing the motion as a motion for return of property and that the district court had jurisdiction over the petition under the federal question jurisdiction of 28 U.S.C. § 1331. *Id.* at 695.

The *Howell* court observed that the district court failed to note that Howell had not complied with the usual requirements for maintaining a civil suit, such as paying a filing fee, and, since the defendant was a prisoner, the limitations on prisoner civil rights suits imposed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. The appeals court also commented that it had allowed Rule 41(g) motions to be filed in the criminal proceedings, but that such permission did not make the proceeding a criminal proceeding and excuse the moving party from having to comply with the rules applicable to civil proceedings. *Id.* Thus, the court stated that motions for return of property are treated as civil equitable proceedings regardless

2

of whether a motion is filed under Rule 41(g) or as a separate civil proceeding. *Id. See also*, *United States v. Stevens*, __ F.3d __ , 2007 WL 2458018*3 (7th Cir. 2007).

Belton's motion for return of property was filed as a part of Belton's criminal case. The file contains no indication that Belton has paid a separate filing fee, or that he has complied with the PLRA or that he has been advised of its implications. This case differs from *Howell* in that the government has disposed of the property at auction. Arguably the action could be liberally construed as a civil action against the government under the Federal Tort Claims Act.[2] Regardless, the action cannot continue as a part of Belton's criminal case and is subject to the PLRA. If Belton elects to proceed with his civil action, as a part of the screening process, the most appropriate characterization of his action can be addressed.

At this juncture, it is clear that under *Howell*, Belton's motion for return of property should be treated as a civil action. As such, the Court will return the motion (Docket No. 133) to the Clerk of Court for filing as a civil action. All other documents in Belton's file relating to that motion for return of property (specifically Docket Nos. 134, 137, 138, 141, 142, 143, 144, 146, and 147) shall also be filed in that civil action. The matter shall be randomly assigned to a judge pursuant to the District's civil case assignment plan.

Pursuant to the PLRA, which amended the *in forma pauperis* statute, a prisoner must pay the full filing fee for a civil action. See 28 U.S.C. § 1915(b)(1). At the time Belton filed his motion, the fee for filing a civil action was $150. If Belton has the money to pay the filing fee and wants to pursue his claim, he should send a cashier's check or money order for

---

[2]*United States v. Sims*, 376 F.3d 705, 707 (7th Cir. 2004), holds that the Federal Tort Claims Act, 28 U.S.C. § 2401(b), provides a damages remedy.

3

$150 payable to "Clerk, United District Court." If Belton does not have the money to pay the filing fee in full, he can request leave to proceed without prepayment of fees and/or costs. To proceed with an action *in forma pauperis*, Belton must complete the enclosed petition and affidavit to proceed without prepayment of fees and/or costs and return it to the Court with a certified copy of his prison trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The Court will then assess and, when funds exist, collect from Belton an initial partial filing fee of 20 percent of the average monthly deposits to his account for the immediately preceding six-month period or the average monthly balance his trust account for the same six-month period, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial partial filing fee is paid, monthly installments equal to 20 percent of Belton's preceding month's income will be withdrawn from his account and forwarded to the Court until the $150.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). The agency which has custody of Belton will collect the money and send payments to the Court. *Id*. However, if the amount in Belton's account is less than $10.00, no installment will be withdrawn. *Id*. Withdrawals will routinely occur until the full $150 filing fee is paid.

Belton must also file a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. Belton will be allowed to submit the certified copy in support of the request to proceed without prepayment of fees and/or costs within 30 days of the date of this order. Belton should also complete the enclosed "Authorization for Release of Institutional Account Information and Payment of the Filing Fee" and submit it with the certified copy of the prison trust account statement.

4

Belton should also sign his name at the bottom of the enclosed "Notice of Lawsuit and Request for Waiver of Service of Summons" forms and return them to the Clerk of Court. Belton should not complete any other portions of that form.

Belton is also advised that regardless of whether some or all of the filing fee has been paid, the Court is required to screen his complaint. The Court shall dismiss the complaint if (1) Belton's allegation of poverty is untrue - i.e., if his petition and affidavit to proceed without prepayment of fees contains false information; (2) the action is frivolous or malicious; (3) Belton's complaint does not state a claim on which relief can be granted; or (4) if Belton has sued a defendant for money damages and that defendant is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

The PLRA also provides that, if a prisoner files more than three actions which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on Belton's ability to bring other actions *in forma pauperis*. Accordingly, Belton will be afforded an opportunity to voluntarily dismiss this action.

If Belton wants to voluntarily dismiss his civil action for return of property or does not wish to file the prison trust account statement or to pay the filing fee as outlined in this order, Belton must notify the Court by letter to the Clerk of Court stating that he does not wish to prosecute this civil action. If Belton writes such a letter, his civil action for return of property

5

will be dismissed without prejudice. Belton must send the letter within 30 days of the date of entry of this order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Clerk of Court **SHALL** file Belton's motion for return of property (Docket No. 133) as a civil action. All other documents in Belton's criminal file relating to that motion for return of property (specifically Docket Nos. 134, 137, 138, 141, 142, 143, 144, 146, and 147) **SHALL** also be filed in that civil action,

The Clerk of Court **SHALL** randomly assign the civil action to a judge pursuant to the District's civil case assignment plan,

Belton **SHALL** file, within 30 days of the date of this order, the $150 filing fee or a petition and affidavit to proceed without prepayment of fees and/or costs and with a certified copy of his prison trust account statement showing transactions for the prior six months. Belton must include his name, prisoner identification number and case number on the certified copy of his prison trust account statement,

Belton **SHALL** also file the "Authorization for Release of Institutional Account Information and Payment of the Filing Fee" with the certified copy of his trust account statement,

Belton **SHALL** also sign his name at the bottom of each enclosed "Notice of Lawsuit and Request for Waiver of Service of Summons" form and return them to the Clerk of Court.

6

If Belton wants to voluntarily dismiss his civil action for return of property or does not wish to file the prison trust account statement or to pay the filing fee as outlined in this order, Belton must notify the Court by letter to the Clerk of Court stating that he does not wish to prosecute this civil action, Belton **SHALL** file the letter within 30 days of the date of entry of this order.

Belton's failure to comply with this order will result in dismissal of his civil action for return of property.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2007.

**BY THE COURT:**

s/Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

7
Case 2:88-cr-00130-RTR   Filed 10/16/07   Page 7 of 7   Document 149