# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                                  **Case No. 88-CR-130**

**RAYMOND B. BELTON,**

    **Movant.**

# DECISION AND ORDER

Movant Raymond Bruce Belton ("Belton") is serving a 30-year sentence of imprisonment for conspiracy to possess more than five kilograms of cocaine with intent to distribute. The sentence was imposed over 19 years ago, on March 15, 1989, by United States District Judge Robert W. Warren.

In November of 1989 the Seventh Circuit Court of Appeals affirmed Belton's conviction on direct appeal. *United States v. Belton*, 890 F.2d 9, 11 (7th Cir. 1989). In an unpublished disposition, the Court of Appeals affirmed the denial of Belton's § 2255 motion for relief. *United States v. Belton*, No. 90-3090, 958 F.2d 374 (7th Cir. June 1, 1992) (Table). In 2003, the appeals court upheld the denial of Belton's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). *See Belton v. United States*, No. 02-4343, 71 Fed. Appx. 582, 583 (7th Cir. July 23, 2003). Thereafter, Belton filed a motion for modification of his sentence

pursuant to Guideline Amendment 268 effective on November 1, 1989. That motion was denied by a Decision and Order issued by this Court on October 16, 2007.[1]

Subsequently, Belton filed several motions which are addressed in this Decision and Order. On January 3, 2008,[2] Belton filed a motion to release the petitioner from incarceration due to the district court's lack of subject matter jurisdiction to impose a sentence under the United States Sentencing Guidelines for a conspiracy prior to a November 18, 1988, amendment by Congress. On January 7, 2008, Belton filed a bail motion for release on personal recognizance pending disposition of his motion for release for lack of jurisdiction to sentence for a crime of conspiracy prior to Congress's November 18, 1988, amendment.

On February 22, 2008, Belton filed a motion to voluntarily dismiss both such motions without prejudice. Belton's motion is granted.

On February 25, 2008, Belton filed a motion for relief from the judgment or order dated November 20, 1989, of the Court of Appeals for the Seventh Circuit, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Belton contends that, in affirming his conviction on direct appeal, the appeals court erred because it did not apply the provisions of U.S.S.G. Amendment 268 (effective November 1, 1989) in its analysis of Belton's career

---

[1] This Decision and Order does not attempt to catalog all of Belton's filings following his conviction. Some additional filings are recounted in *Belton v. Ellis*, No. 1:05CV1552RECLJOHC, 2006 WL 902551 *1-*2 (E.D. Cal April 5, 2006), adopted, 2006 WL 1530244*1 (E.D. Cal. May 31, 2006).

[2] This motion and the three other motions referenced in this decision are certified by Belton under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), which deems certain materials submitted by incarcerated persons who are representing themselves filed on the date they were given to prison authorities for mailing. *Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999), holds that the rule is applicable to petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254, but it has not been extended to all filings, *see Rutledge v. United States*, 230 F.3d 1041, 1051 (7th Cir. 2000). For purposes of this Decision and Order, the Court has used the filing dates listed on the Clerk of Court's docket. The filing dates are not material to this Decision and Order.

offender status. Belton argues that the court of appeals' decision on his direct appeal was inconsistent with due process and, therefore, its judgment is void for purposes of Rule 60(b)(4). He argues his motion is a true Rule 60(b)(4) motion and is brought within a reasonable time.

Having carefully considered the detailed arguments set forth by Belton's motion for relief from judgment, this Court concludes that his current motion is correctly characterized as a petition to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255(a).[3] *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) explains:

> Critically, it does not matter how the prisoner labels his pleading. Federal postconviction law is complex, and few prisoners understand it well. Often a prisoner will file a motion under Rule 60(b) of the civil rules, that is, a motion to reconsider a judgment, but the ground of the motion and the relief he seeks will mark the motion as functionally a petition for habeas corpus or a motion under section 2255, because it challenges the legality of his detention and seeks his release. If so, it will be treated as such. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). "Prisoners cannot avoid the . . . rules [governing federal post-conviction remedies] by inventive captioning . . . . [T]he name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Belton's motion fits comfortably within the scope of § 2255(a) and, therefore, is a motion under § 2255, notwithstanding Belton's characterization of the motion as a motion for relief from

---

[3]Paragraph (a) of § 2255 reads:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

On January 7, 2008, 28 U.S.C. § 2255 was amended by designating the eight undesignated paragraphs as subsections (a) through (h), respectively. H.R. Res. 660, 110th Cong., 121 Stat. 2545 (2008)(enacted). Subparagraph (a) of § 2255 was previously undesignated paragraph one.

3

judgment. *See id.* As such, this Court is obliged to dismiss the petition for want of jurisdiction because Belton has not received permission from the court of appeals to commence a second or successive collateral attack.

This Court lacks jurisdiction to entertain any further collateral proceedings unless the court of appeals first grants permission under § 2244 and § 2255(h).[4] *See id.* If Belton intends to seek permission from the Court of Appeals to file a successive petition, he should be aware that 7th Cir. R. 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Belton's motion to voluntarily dismiss without prejudice (Docket No. 152), the motions he filed for release from incarceration due to the district court's lack of subject matter jurisdiction to impose a sentence under the United State Sentencing Guidelines for a conspiracy prior to a November 18, 1988, amendment by Congress (Docket No. 150) and for release on personal recognizance pending disposition of his motion for release for lack of jurisdiction to sentence for a crime of conspiracy prior to Congress's November 18, 1988, amendment (Docket No. 151), is **GRANTED**.

---

[4] Paragraph (h) of § 2255 was the former undesignated paragraph eight.

Belton's motion for relief from the judgment or order dated November 20, 1989, of the Court of Appeals for the Seventh Circuit, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (Docket No. 153) is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2008.

                         **BY THE COURT:**

                         **s/ Rudolph T. Randa**
                         **HON. RUDOLPH T. RANDA**
                         **Chief Judge**

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

6

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.